### ESTATE OF YEE YUN, OR YEE CHUCK WO.

No. 8507—Aug. 10, 1878.

LETTERS OF ADMINISTRATION WITH THE WILL ANNEXED.—IN CASES OF TESTACY, THE GRANT OF LETTERS IS WITHIN THE DISCRETION OF THE COURT.—Where the Public Administrator and a Chinaman, ignorant of our language, laws, and mode of business, who has no intention to permanently reside, or be a citizen of California, are applicants for a grant of letters, in the case of a will which fails to appoint an executor, the Court's discretion will be exercised in favor of the Public Administrator.

Construing section, C. C. P., 1351, 1379.

*R. H. Lloyd*, for Public Administrator.

*E. D. Sawyer*, for Yee Bu Ki.

The deceased left a paper purporting to be a will, which all parties hereto admit to have been duly executed, and the same is entitled to be admitted to probate.

---

The controversy is as to who shall administer. No person is named in the will as executor. Testator had a wife in China, a brother living in Sacramento, and a nephew now here, who is sole legatee and devisee.

The brother requests that letters issue to Yee Bu Ki, (a Chinaman,) and the Public Administrator contests his application, and petitions for letters of administration to himself.

The attorney for Yee Bu Ki makes the point that as deceased left a will, although silent as to the executor, the Public Administrator has no right to administer; that his right is confined exclusively to cases of intestacy. It is a sufficient reply to that, to say, that the right of a brother to administer is provided for in the same section of the Code referring to the Public Administrator; and if the latter has no right to administer in case of a will, neither has the brother, and the selection of an administrator would be left with the Court.

The Public Administrator claims that the brother would have no right to administer, and that his nominee has no right, for the reasons:

1.    The nominee is not a *bona fide* resident of this State;

2.    The brother is not entitled to share in the personalty of the estate (the entire estate being bequeathed).

Without passing upon these questions, it is sufficient to say, that this case falls within Sec. 1379, of the Code of Civil Procedure, by which the Court is permitted to exercise its discretion; and as Yee Bu Ki is a foreigner by birth, who cannot become a citizen of the United States, who does not intend to reside permanently in this State; who does not speak our language; who has nothing in common with our interests except to be protected and acquire property; and as the Public Administrator is an officer selected by the people of this city and county, the Court exercises its discretion and denies the petition of said Yee Bu Ki, and grants the petition of the Public Administrator.

Let an order be entered accordingly.